# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VOTER VERIFIED, INC.,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:09-cv-1968-Orl-19KRS**

**PREMIER ELECTION SOLUTIONS, INC.,**
**DIEBOLD, INCORPORATED,**

        **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1.     Order Denying as Moot Voter Verified, Incorporated's Motion for Entry of Default by Magistrate Judge Karla R. Spaulding (Doc. No. 17, filed Dec. 18, 2009);

2.     Motion to Vacate Magistrate's Order and Strike Answer by Voter Verified, Incorporated (Doc. No. 19, filed Dec. 21, 2009);

3.     Order on Motion to Vacate Order and Strike Answer by Magistrate Judge Karla R. Spaulding (Doc. No. 22, filed Dec. 23, 2009);

4.     Memorandum in Opposition to Motion to Vacate by Diebold, Incorporated (Doc. No. 31, filed Jan. 7, 2010);

5.     Order Denying Motion to Vacate Order and Strike Unauthorized Filing and Denying as Moot Unopposed Motion for Extension of Time by Magistrate Judge Karla R. Spaulding (Doc. No. 33, filed Jan. 12, 2010);

6.  Objections to Orders of Magistrate Judge Denying Motion for Default and Motion to Vacate Order by Voter Verified, Incorporated (Doc. No. 42; filed Jan. 25, 2010);

7.  Request for Oral Argument on Plaintiff's Objections to Orders of Magistrate Judge by Voter Verified, Incorporated (Doc. No. 43, filed Jan. 25, 2010);

8.  Memorandum in Opposition to Plaintiff's Objections to Orders of Magistrate Judge Denying Motion for Default and Motion to Vacate Order by Diebold, Incorporated (Doc. No. 56, filed Feb. 5, 2010);

9.  Motion for Default Judgment Against Diebold, Incorporated by Voter Verified, Incorporated (Doc. No. 57, filed Feb. 8, 2010);

10. Request for Oral Argument on Plaintiff's Motion for Default Judgment Against Diebold, Incorporated by Voter Verified, Incorporated (Doc. No. 58, filed Feb. 8, 2010);

11. Memorandum in Opposition to Plaintiff's Motion for Default Judgment by Diebold Incorporated (Doc. No. 67, filed Feb. 17, 2010); and

12. Response Allowed by Order Entered February 26, 2010 by Voter Verified, Incorporated (Doc. No. 88, filed Mar. 12, 2010).

## Background

On November 19, 2009, Voter Verified, Inc. ("VVI") filed the present action against Premier Election Solutions, Incorporated ("PES") and Diebold, Incorporated ("Diebold"). (Doc. No. 1.) The Complaint, seeking both damages and injunctive relief, alleges that Diebold willfully infringed two United States patents owned by VVI.[1] (*Id.* at 12.) Service of process on Diebold was perfected on

---

[1] The patents allegedly infringed by Diebold include United States Patents No. 6,769,613 and No. RE40,449. (Doc. No. 1 at 12.)

November 24, 2009. (Doc. No. 11, filed Dec. 15, 2009.) Pursuant to the Summons, the answer date was December 14, 2009. (*Id.*) Diebold failed to serve its Answer on or before this date. (*Id.*) On December 15, 2009, VVI filed an Executed Return of Service and a Motion for Default against Diebold pursuant to Federal Rule of Civil Procedure 55(a). (Doc. Nos. 11-12.) The following day, Diebold filed an untimely Answer and Counterclaim against VVI. (Doc. No. 16, filed Dec. 16, 2009.) United States Magistrate Judge Karla R. Spaulding subsequently denied VVI's Motion for Default as moot. (Doc. No. 17, filed Dec. 18, 2009.) In response, VVI filed a motion seeking to vacate the Magistrate's order and to strike the unauthorized filing of Diebold's Answer. (Doc. No. 19, filed Dec. 21, 2009.) The Magistrate Judge then entered an Order instructing Diebold to file a response to VVI's Motion to Vacate specifically addressing whether Diebold met the standard of good cause for setting aside a default under Federal Rule of Civil Procedure 55(c). (Doc. No. 21, filed Dec. 23, 2009.) Diebold filed a Memorandum in Opposition to VVI's Motion to Vacate arguing that the Court should deny VVI's motion for default or, in the alternative, permit Diebold to file its Answer out of time pursuant to Federal Rule of Civil Procedure 6(b). (Doc. No. 31, filed Jan. 7, 2010.)

On January 12, 2010, Magistrate Judge Spaulding entered an Order denying VVI's Motion to Vacate. (Doc. No. 33.) VVI objected to the Magistrate's Order, arguing that VVI's Motion for Default could not be "mooted" by the late filing of Diebold's Answer, and that Diebold had failed to establish good cause for setting aside a default under Federal Rule of Civil Procedure 55(c). (Doc. No. 42.) Diebold subsequently filed a Memorandum in Opposition to VVI's objections alleging that the Magistrate Judge properly denied VVI's Motion for Default as moot and that Diebold satisfied the standard for setting aside a default. (Doc. No. 56.) On February 8, 2010, VVI filed a Motion for Default Judgment against Diebold alleging that Diebold has engaged in a strategic, intentional, and

willful disregard of the orderly process of the Court. (Doc. No. 57.) Diebold filed a Memorandum in Opposition to VVI's Motion for Default Judgment on February 17, 2010. (Doc. No. 58.) On February 26, 2010, the Court entered an Order permitting VVI to file a response in opposition to Diebold's attempt to show good cause why default should not be entered. (Doc. No. 81.) VVI filed a response in accordance with the Order, arguing that Diebold willfully disregarded the orderly processes of the Court by filing an untimely answer. (Doc. No. 88.)

### Standard of Review

A party may seek review of a magistrate judge's ruling on a nondispositive matter by serving and filing objections within fourteen days of its receipt of the ruling. Fed. R. Civ. P. 72(a). A nondispositive matter is one that does not dispose of a claim or defense of any party. *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1365 (11th Cir. 2007). If a proper objection is made, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous "when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A finding is considered contrary to law if it does not apply or misapplies the relevant statutes, case law, or rules of procedure. *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000). In reviewing the magistrate judge's order, the district court may not consider new materials or legal arguments raised for the first time in the objection. *See, e.g.*, *United States v. S. Fabricating Co.*, 764 F.2d 780, 781 (11th Cir. 1985); *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91-93 (3d Cir. 1992); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2008 WL 591929, at *4 (M.D. Fla. Feb. 28, 2008).

**Analysis**

## I. Objection to the Order Denying VVI's Motion to Vacate

Pursuant to Federal Rule of Civil Procedure 55(a), the clerk shall enter a party's default if the party fails to plead or otherwise defend an action brought against it, and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Pursuant to Federal Rule of Civil Procedure 55(c), however, the Court "may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). It is well-established that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *accord In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). The Eleventh Circuit recognizes that "a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Ehlers*, 8 F.3d at 783 (citation omitted). Nevertheless, setting aside a clerk's default for the sole reason that the case should be decided on the merits is improper. *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1203 (11th Cir. 1999).

While the heightened standard of Rule 60(b) is not applicable, "something more than a mere request or a flimsy excuse is required for good cause to be found." *Matthew v. Hi-Tech Elec. Displays, Inc.*, No. 8:04-cv-2021-T-23MSS, 2005 WL 5950966, at *3 (M.D. Fla. Oct. 17, 2005). In determining whether to set aside a clerk's entry of default for good cause, courts generally consider the following factors: (1) whether the default is culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Additional factors include: (4) whether the public interest is

-5-

implicated; (5) whether the defaulting party will experience significant financial loss; and (6) whether the defaulting party acted promptly to correct the default. *Id*. "'Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default.'" *Id*. at 951 (quoting *Dierchke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other finding in denying relief. *Id*. at 951-52 (citing *Shepard Claims Servs., Inc. v. William Darrah and Assocs.*, 796 F.2d 190, 194-95 (6th Cir. 1986)).

In the present case, VVI filed an Executed Return of Service and a Motion for Entry of Clerk's Default against Diebold on December 15, 2009. (Doc. Nos. 11-12.) Diebold filed an untimely Answer and Counterclaim against VVI on December 16, 2009. (Doc. No. 16.) On December 18, 2009, the Magistrate Judge entered an Order denying VVI's Motion for Entry of Clerk's Default as moot. (Doc. No. 17.) In response to VVI's objection to this Order, the Magistrate Judge ordered Diebold to "address whether it meets the standard of 'good cause' for setting aside a default, as described in Federal Rule of Civil Procedure 55(c), if a default were entered." (Doc. Nos. 19, 21.) After reviewing Diebold's response, the Magistrate Judge denied VVI's Motion to Vacate, finding that "had the clerk's default been granted, it could have been set aside under Fed. R. Civ. P. 55(c) based on a showing of good cause." (Doc. No. 33.) VVI now objects to this finding, arguing that: (1) default should have been entered against Diebold pursuant to Rule 55(a); (2) Diebold failed to establish good cause under Rule 55(c); and (3) VVI should be granted the opportunity to conduct discovery and present testimony and documentary evidence on the issue of good cause. (Doc. Nos. 42, 88.)

### a.  Default Pursuant to Federal Rule of Civil Procedure 55(a)

Pursuant to Federal Rule of Civil Procedure 55(a), a clerk must enter a party's default when "a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  The entry of a clerk's default is, however, "simply an official recognition of the fact that one party is in default . . . ."  Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice & Procedure § 2962 (3d ed.2009); *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (finding that the entry of default under Rule 55(a) is a procedural prerequisite to the grant of a default judgment under Rule 55(b)).  Here, Diebold failed to file a timely response to the Complaint on or before December 14, 2009.  (Doc. No. 31.)  That failure was shown by VVI's affidavit and motion for entry of clerk's default filed on December 15, 2009.  (Doc. Nos. 11-12.)  Thus, Diebold was in default on December 15, 2009, and this default was not cured by the unauthorized filing of an untimely Answer on December 16, 2009.  Accordingly, the clerk should have entered a default on VVI's Motion for Default, and the Court will proceed with the analysis under the assumption that the clerk had in fact entered such an order of default in accordance with Rule 55(a).

### b.  Establishing Good Cause under Rule 55(c)

After reviewing the record, the Court finds that Diebold has met its burden of establishing good cause under Rule 55(c).  Diebold represents to the Court that it did not respond to the Complaint in a timely manner because it had sold all of its stock in PES to Electronic Systems Software ("EE&S") prior to the filing of the Complaint and had been seeking confirmation that EE&S, who was sued by VVI on the same day (Case No. 6:09-cv-1969-PCF-KRS), would defend Diebold in the present action.  (Doc. No. 31 at 1-2, 5; Doc. No. 31-2 ¶¶ 2-7; Doc. No. 31-3 ¶¶ 3-9.)  Diebold further

asserts that immediately upon realizing that the time for responding to VVI's Complaint had passed, Diebold obtained local counsel and filed its Answer and Counterclaim that same day. (Doc. No. 31 at 2.) Thus, Diebold acted promptly to correct the failure to respond to the Complaint. In addition, there is no evidence to suggest that Diebold acted culpably or willfully[2], nor is there any evidence to suggest, and VVI does not allege, that the two-day delay implicates the public interest or caused any prejudice to VVI, particularly where VVI consented to a thirty day extension for PES to file an Answer to the same Complaint. (Doc. No. 8); *Hartford Cas. Ins. Co. v. Jenkins*, No. 09-05140WS-M, 2009 WL 4898319, at *3 (S.D. Fla. Dec. 14, 2009) (finding that the defendant's seven week delay in filing an answer did not rise to the level of prejudice to the plaintiff where plaintiff identified no other basis for finding prejudice). Accordingly, the Court finds that Diebold established good cause for the failure to timely respond to the Complaint, and the Order Denying the Motion to Vacate will be affirmed to the extent it finds that Diebold established good cause for setting aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c).

### c. Due Process

VVI argues that its due process rights were not satisfied when the Court granted VVI an opportunity to respond to Diebold's attempt to show good cause. (Doc. No. 88 at 14.) Instead, VVI maintains that it must be afforded the right to present evidence in the form of testimony and

---

[2] VVI maintains that Diebold's statements to the Court amount to a clear admission that Diebold's default was calculated to force EE&S to accept the responsibility of defending Diebold in the present action and was therefore willful. (Doc. No. 88 at 7.) Such conjecture does not demonstrate the requisite "intentional or reckless disregard for the judicial proceedings," and thus does not support a finding of willful default, particularly where VVI fails to allege that it was prejudiced by Diebold's default. *Compania*, 88 F.3d at 951-52.

documents, including those which may only be found by the discovery process, on the issue of setting aside default for good cause under Rule 55(c).

Generally, "a district court has discretion not to hear oral testimony on motions." *Scutieri v. Paige*, 808 F.3d 785, 795 (11th Cir. 1987) (citing *Gary W. v. Louisiana*, 601 F.2d 240, 244 (5th Cir. 1979)); *see also Rally Mfg. Inc. v. Mr. Gasket Co.*, NO. 87-1533-CIV-MISHLER, 1992 WL 211010, at *8 (S.D. Fla. Jun 12, 1992). Pursuant to Federal Rule of Civil Procedure 78(b), the Court "may provide for submitting and determining motions on briefs, *without* oral argument." Fed. R. Civ. P. 78(b) (emphasis added). Additionally, Local Rule 3.01(j) states that the Court "may allow argument upon written request of any interested party . . . ." Thus, a district court may, in its discretion, deny a motion for oral argument particularly where, as here, the record before the Court is sufficient and VVI has not adequately indicated how a hearing would aid the Court's determination. *See Scutieri*, 808 F.3d 785. Discovery on this issue would only prolong the case unnecessarily, particularly when VVI has failed to show prejudice because of the late response, the matter of prejudice, if any, being within the knowledge of VVI.

Pursuant to Federal Rule of Civil Procedure 55(c), a district court "may set aside an entry of default for good cause, and may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Under Rule 60(b), a default judgment entered under Rule 55(b) may only be set aside "on motion." Fed. R. Civ. P. 60(b); *United States v. Pauley*, 321 F.3d 578, 581 (6th Cir. 2003). By contrast, with respect to relief from an entry of default under Rule 55(a), Rule 55(c) does not refer to a motion but simply states that a "court may set aside an entry of default for good cause." Accordingly, courts have found that opposition to a motion for default can be treated as a motion to set aside the entry of default despite the absence of a formal Rule 55(c) motion. *See, e.g., Meehan*

*v. Snow*, 652 F.2d 74, 75 (2d Cir. 1981). In addition, the Eleventh Circuit has held that a court may *sua sponte* set a default aside for good cause.[3] *Anheuser Bush, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003); *see also Judson Atkinson Candies, Inc., v. Latihi-Hohberger Dhimantec*, 529 F.3d 371, 385 (7th Cir. 2008). Thus, neither discovery nor oral argument are required for a court to determine that good cause exists to set aside a default under Rule 55(c). Accordingly, the Court finds, in its discretion, that VVI is not entitled to conduct discovery and present evidence in the form of testimony and documents on the issue of establishing good cause under Rule 55(c).

## II. Motion to File Answer and Counterclaim Out of Time

When a party is required or allowed to act at or within a specified time, Federal Rule of Civil Procedure 6(b) permits the district court to exercise its discretion "upon motion made after the expiration of the specified period [to] permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). In *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380 (1993), the Supreme Court held that excusable neglect encompasses "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Id.* at 388. Whether neglect is excusable is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These circumstances include the danger of prejudice to the opposing party, "the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The Eleventh Circuit has recognized that

---

[3] Citing *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d. 1349 (N.D. Ga. 2008), VVI argues that it is entitled to discovery on the issue of good cause. *Insituform* does not, however, support this proposition, as it merely describes that the "defendant bears the burden of establishing good cause to set aside an entry of default." *Id* at 1352.

*Pioneer* "accorded primary importance to the absence of prejudice . . . and to the interest of efficient judicial administration." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

Here, Diebold's failure to answer or otherwise respond to the Complaint within the time required is due to excusable neglect. In 2009, Diebold sold PES to EE&S. (Doc. No. 1.) It was reasonable for Diebold to request that EE&S assume the defense of Diebold, particularly where EE&S had been sued by VVI on the same day, and the case against EE&S has since been consolidated with the present case for discovery and other pretrial proceedings.[4] (Doc. Nos. 1, 55.) Furthermore, once Diebold realized it had failed to file a timely response, it immediately obtained local counsel and filed its Answer that same day. (Doc. No. 31.) The record does not establish, nor does VVI allege, that VVI was prejudiced by the two day delay in filing the Answer, a finding supported by the fact that VVI granted PES a thirty day extension to file an answer to the same Complaint. (Doc. No. 8.) Diebold's delay in filing the present Motion to File Answer and Counterclaim Out of Time is also reasonable in light of the Magistrate Judge's Order denying VVI's Motion for Default as moot two days after Diebold filed the untimely Answer. (Doc. No. 17, 31.) Finally, because the motions regarding the entry of default were still pending when Diebold filed the present motion under Rule 6(b), the delay in filing the present motion did not adversely affect the administration of the case. *See Fisher v. Office of the State Attorney 13th Judicial Circuit Fla.*, 162 F. App'x 937, 940 (11th Cir. 2006) (finding that the defendant's late request to join a motion to dismiss where the motions filed by the other parties were still pending before the district court did not adversely affect the

---

[4] *See* Case No. 6:09-cv-1969-PCF-KRS.

administration of the case). Accordingly, Diebold's Motion to File Answer and Counterclaim Out of Time will be granted.

## Conclusion

Based on the foregoing, the Motion to File Answer and Counterclaim out of Time by Diebold, Incorporated (Doc. No. 31, filed Jan. 7, 2010) is **GRANTED**. The Order Denying the Motion to Vacate Order and Strike Unauthorized Filing by United States Magistrate Judge Karla R. Spaulding (Doc. No. 33, filed Jan. 12, 2010) is **AFFIRMED** to the extent it finds that Diebold established good cause for setting aside a default pursuant to Federal Rule of Civil Procedure 55(c). The Request for Oral Argument on Plaintiff's Objections to Orders of Magistrate Judge by Voter Verified, Inc. (Doc. No. 43, filed Jan. 25, 2010) is **DENIED**. In addition, the Motion for Default Judgment Against Diebold, Incorporated by Voter Verified, Inc. (Doc. No. 57, filed Feb. 8, 2010) and Request for Oral Argument on Plaintiff's Motion for Default Judgment Against Diebold, Incorporated by Voter Verified, Inc. (Doc. No. 58, filed Feb. 8, 2010) are **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties