**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**VOTER VERIFIED, INC.,**

        **Plaintiff,**

**-vs-**                                             **Case No. 6:09-cv-1968-Orl-19KRS**

**PREMIER ELECTION SOLUTIONS, INC.,
DIEBOLD INCORPORATED,**

        **Defendants.**
_____

## ORDER

This case comes before the Court on the following:

1. Order by Magistrate Judge Karla R. Spaulding (Doc. No. 84, filed Mar. 4, 2010);

2. Order To Strike by Magistrate Judge Karla R. Spaulding (Doc. No. 85, filed Mar. 5, 2010);

3. Objection to Order to Strike of Magistrate Judge Entered on March 5, 2010 by Voter Verified, Incorporated (Doc. No. 86, filed Mar. 9, 2010);

4. Objections to Order of Magistrate Judge Entered on March 4, 2010 by Voter Verified, Incorporated (Doc. No. 87, filed Mar. 9, 2010);

5. Opposition to Plaintiff Voter Verified, Incorporated's Objections to Order of Magistrate Judge Entered on March 4, 2010 by Diebold, Incorporated and Premier Electronic Solutions, Incorporated (Doc. No. 91, filed Mar. 17, 2010); and

6. Memorandum in Opposition to Plaintiff's Objections to Strike Order of Magistrate Judge Entered on March 5, 2010 by Diebold, Incorporated and Premier Electronic Solutions, Incorporated (Doc. No. 92, filed Mar. 17, 2010).

**Background**

On November 19, 2009, Voter Verified, Incorporated ("VVI") filed the present action against Premier Election Solutions, Incorporated ("PES") and Diebold, Incorporated ("Diebold") (collectively "Defendants"). (Doc. No. 1.) The Complaint, seeking both damages and injunctive relief, alleges that the Defendants willfully infringed United States patents owned by VVI. (*Id.* at 12.) On February 4, 2010, the Court entered an order consolidating the present case with *Voter Verified, Inc. v. Electronic Systems & Software Inc.,* Case No. 6:09-cv-1969-Orl-KRS, for discovery and other pretrial proceedings.[1] (Doc. No. 55.) Between February 8 and February 19, 2010, VVI filed seven separate summary judgment motions. (Doc. No. 59, filed Feb. 8. 2010; Doc. Nos. 70, 72, filed Feb. 18, 2010; Case No. 6:09-cv-1969-Orl-KRS: Doc. Nos. 34-35, filed Feb. 8, 2010; Doc. No. 45, filed Feb. 17, 2010; Doc. No. 46, filed Feb. 18, 2010.) The Court subsequently entered several orders taking under advisement the pending summary judgment motions. (Doc. No. 64, filed Feb. 9, 2010; Doc. No. 73, filed Feb. 19, 2010; Case No. 6:09-cv-1969-Orl-KRS: Doc. No. 41, filed Feb. 9, 2010; Doc. No. 49, filed Feb. 19, 2010.)

On February 16, 2010, the Defendants filed a Motion for Briefing Schedule, For Leave to Take Depositions of Inventors, and Alternative Motion for Modification of Milburn Order. (Doc. No. 65, filed Feb. 16, 2010.) VVI filed a timely Response in Opposition. (Doc. No. 66, filed Feb. 17, 2010.) Diebold and PES then filed a Supplemental Motion to Modify Briefing Schedule, (Doc. No. 76, filed Feb. 23, 2010), and VVI filed a Response in Opposition. (Doc. No. 77, filed Feb. 24, 2010.) On February 24, 2010, the Case Management and Scheduling Order was entered. (Doc. No. 78.)

---

[1] The Court will refer to docket entries in Case No. 6:09-cv-1969-Orl-KRS by noting the case number in front of the docket number citation.

On March 4, 2010, Magistrate Judge Spaulding entered an Order stating that Defendants need not respond to the pending summary judgment motions until a response date is established in an order addressing the merits of the motions to modify briefing schedule. (Doc. No. 84.) On February 5, 2010, Magistrate Judge Spaulding *sua sponte* entered an Order to Strike VVI's seven summary judgment motions. (Doc. No. 85.) The Magistrate Judge instructed VVI to file one motion for summary judgment, in a single document of not more than twenty-five pages. (*Id.*) VVI now objects to both Orders. (Doc. Nos. 86-87, filed Mar. 9, 2010.) VVI argues that the March 4, 2010 Order countermanded the Milburn Orders without any authority to do so and without any reason or factual basis. (Doc. No. 87.) VVI also contends that the March 5, 2010 Order to Strike improperly construes Local Rule 3.01(a) and the Case Management and Scheduling Order as only permitting the filing of a single twenty-five page summary judgment motion. (Doc. No. 86.) VVI requests that the Court set aside the Order to Strike and reinstate VVI's seven motions for summary judgment. (*Id.*)

In response to VVI's objection to the March 5, 2010 Order to Strike, Defendants allege that the Magistrate Judge properly concluded that VVI may file a single twenty-five page summary judgment motion. (Doc. No. 92.) With respect to VVI's objection to the March 4, 2010 Order, Defendants maintain that the striking of VVI's seven separate motions for summary judgment renders VVI's objection moot. (Doc. No. 91.)

**Standard of Review**

A party may seek review of a magistrate judge's ruling on a nondispositive matter by serving and filing objections within fourteen days of its receipt of the ruling. Fed. R. Civ. P. 72(a). A nondispositive matter is one that does not dispose of a claim or defense of any party. *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1365 (11th Cir. 2007). If a proper objection is made, "[t]he

district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous "when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A finding is considered contrary to law if it does not apply or misapplies the relevant statutes, case law, or rules of procedure. *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000). In reviewing the magistrate judge's order, the district court may not consider new materials or legal arguments raised for the first time in the objection. *See, e.g.*, *United States v. S. Fabricating Co.*, 764 F.2d 780, 781 (11th Cir. 1985); *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91-93 (3d Cir. 1992); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2008 WL 591929, at *4 (M.D. Fla. Feb. 28, 2008).

**Analysis**

It is well established that "a district court has the inherent authority to manage and control its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Thus, a district court may exercise its discretion in managing the filing of summary judgment motions. *See, e.g., Wilson v. Farley*, 203 F. App'x 239, 250 (11th Cir. 2006) (upholding an order directing the parties refrain from filing a motion for summary judgment until the expiration of the discovery process based on the district court's inherent authority to manage its own docket). Furthermore, pursuant to Local Rule 3.01(a), a motion shall include "a concise statement of the precise relief requested, a statement of the basis of the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in

a single document of not more than twenty-five (25) pages." The Case Management and Scheduling Order directs that "[t]he motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages. Local Rule 3.01(a)."[2] (Doc. No. 78 at 6.) Thus, pursuant to the Court's inherent authority to manage its docket, Local Rule 3.01(a), and the Case Management and Scheduling Order, VVI is permitted to file a single summary judgment motion of not more than twenty five pages. If VVI wishes to file successive summary judgment motions or to file a motion for summary judgment in excess of twenty-five pages, VVI must first request the Court's permission by filing a motion in accordance with Local Rule 3.01(d).

In the present case, VVI filed three separate summary judgment motions without first seeking permission of the Court. (Doc. Nos. 59, 70, 72.) Accordingly, the Court affirms the Magistrate's Order to Strike. (Doc. No. 85.) VVI is instructed to file one motion for summary judgment, in a single document of not more than twenty-five pages, in accordance with Local Rule 3.01(a).[3] If VVI wishes to file successive summary judgment motions or to file a summary judgment motion in excess of twenty-five pages, VVI must first request the Court's permission by filing a motion in accordance with Local Rule 3.01(d).

**Conclusion**

---

[2] VVI argues that the Case Management and Scheduling Order contemplates the filing of more than one summary judgment motion such that VVI's seven summary judgment motions are appropriate. The Case Management and Scheduling Order does in fact contemplate the filing of more than one summary judgment motion, mainly the single summary judgment motion filed by each party, and any subsequent summary judgment motions the Court grants a party permission to file pursuant to Local Rule 3.01(d). The Case Management and Scheduling Order does not contemplate the filing of multiple summary judgment motions absent the permission of the Court.

[3] VVI may file a single summary judgment motion in *each* of the consolidated cases. (Case No. 09-cv-1968-PCF-KRS and Case No. 09-cv-1969-PCF-KRS.).

Based on the foregoing, the Order to Strike by Magistrate Judge Karla R. Spaulding (Doc. No. 85, filed Mar. 5, 2010) is **AFFIRMED**. The Objection to Order of Magistrate Judge Entered on March 4, 2010 by Voter Verified, Incorporated (Doc. No. 87, filed Mar. 9, 2010) is **DENIED as moot.**

**DONE** and **ORDERED** in Orlando, Florida on March 22 , 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties