**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VOTER VERIFIED, INC.,**

    **Plaintiff,**

-vs-                Case No. 6:09-cv-1968-Orl-19KRS

**PREMIER ELECTION SOLUTIONS, INC.,**
**DIEBOLD INCORPORATED,**

    **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1. Motion to Strike Insufficient Defenses of Premier Electronic Solutions, Inc. by Voter Verified, Inc. (Doc. No. 52, filed Feb. 2, 2010); and

2. Opposition to Plaintiff's Motion to Strike Insufficient Defenses by Premier Election Solutions, Inc. (Doc. No. 74, filed Feb. 19, 2010).

### Background

On November 19, 2009, Voter Verified, Inc. ("VVI") filed the present action against Premier Election Solutions, Inc. ("Premier") and Diebold Inc. ("Diebold"). (Doc. No. 1.) The Complaint, seeking both damages and injunctive relief, alleges that Premier willfully infringed two United States patents owned by VVI.[1] (*Id.* at 8.)

---

[1] The patents allegedly infringed by Premier include United States Patents No. 6,769,613 ('613 patent) and No. RE40,449 ('449 patent). (Doc. No. 1 at 12.)

VVI filed the present Motion to Strike Insufficient Defenses on February 2, 2010, arguing that: (1) the alleged affirmative defense under 35 U.S.C. § 251 is invalid as a matter of law; (2) failure to comply with 35 U.S.C. § 287(a) is a limitation on damages, not an affirmative defense to an action for infringement of a patent; (3) the alleged affirmative defense regarding sale to a sovereign entity is without any basis in law; and (4) the doctrine of recapture is not an affirmative defense but a limitation on the application of the doctrine of equivalents. (Doc. No. 74.) In response, Premier maintains that: (1) 35 U.S.C. § 251 is an affirmative defense in the context of a reissue patent; (2) 35 U.S.C. § 287(a) is an affirmative defense under 35 U.S.C. § 282; (3) sovereign immunity is a proper affirmative defense to the extent VVI seeks damages for the conduct of state actors; and (4) recapture is a form of estoppel and therefore an express affirmative defense under Federal Rule of Civil Procedure 8(c). (Doc. No. 74.)

**Standard of Review**

Under Federal Rule of Civil Procedure 12(f), a court, on its own motion or by motion of a party, may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may also strike an affirmative defense that is insufficient as a matter of law. *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08-cv-361-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). An affirmative defense is defined as "a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *Ayers v. Consol. Constr. Servs. of Sw. Fla.*, No. 2:07-cv-123-FTM-29DNF, 2007 WL 4181910, at *1 (M.D. Fla. Nov. 26, 2007) (quoting *Saks v. Franklins Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003)).

For a court to find an affirmative defense insufficient as a matter of law, "the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law." *Id.* (citing *Microsoft Corp.*, 211 F.R.D. at 683). An affirmative defense may also be insufficient as a matter of law if it fails "to meet the general pleading requirements of Federal Rule of Civil Procedure 8, which requires a short and plain statement of the defense asserted." *Id.* at *2 (citing *Microsoft Corp.*, 211 F.R.D. at 684). As explained in another opinion from this District:

> Federal courts recognize that, by definition, defendants can only establish an affirmative defense when they admit the essential facts of the complaint and set forth other facts in justification or avoidance. . . . While an answer need not set forth a detailed statement of the applicable defenses, a defendant may not simply make conclusory allegations. . . . The affirmative defense must be stricken if it provides no more than a bare bones conclusory allegation. . . . However, a defendant will not be precluded from arguing the substantive merits of the affirmative defense later in the case even if the court strikes the affirmative defense on technical grounds. . . . Rather, if an affirmative defense is valid as a matter of law, district courts may strike the technically deficient affirmative defense without prejudice, and grant the defendant leave to replead the stricken defense.

*Id.* (internal citations and quotation marks omitted).

## Analysis

### I. 35 U.S.C. § 251

Premier asserts that "the claims of the '613 patent are invalid pursuant [to] 35 U.S.C. § 251 because the '613 patent was surrendered as part of the PTO reissue process." (Doc. No. 34 ¶ 60.) VVI requests that the Court strike this paragraph, arguing that the claims of a surrendered patent are not invalid or ineffective. (Doc. No. 52 at 4.)

Pursuant to 35 U.S.C. § 251, whenever a patent is "deemed wholly or partly inoperative or invalid by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent, the Director shall, on the surrender of such patent and

-3-

the payment of the fee required by law, reissue the patent for the invention disclosed in the original patent . . . ." Once a reissue patent has been granted, "the original patent cannot be infringed . . . for the original patent is surrendered." *Seattle Box Co., v. Indus. Crating & Packing, Inc.*, 731 F.2d 818, 827 (Fed. Cir. 1984). Despite this surrender of the original patent, 35 U.S.C. § 252 provides that "in so far as the claims of the original and reissued patents are *substantially identical*, such surrender shall not affect any action then pending or abate any cause of action then existing . . . ." 35 U.S.C. § 252 (emphasis added). Thus, following a reissue, the original patent itself is unenforceable. However, a patent holder may enforce the claims of the *reissued patent* against infringing activity that occurred before the reissue if the reissued claim asserted is substantially identical to an original claim. *Bloom Eng'g Co., Inc. v. N. Am. Mfg.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997). Premier's assertion that the claims of the '613 patent are invalid because the '613 patent was surrendered as part of the PTO reissue process is therefore a correct statement of law. While the claims of the reissued patent are enforceable against Premier for infringing activity that occurred before the reissue to the extent that the asserted claims are substantially identical to the claims of the original patent, the original patent itself is rendered unenforceable by the reissue process. Accordingly, VVI's Motion to Strike Premier's assertion regarding invalidity under 35 U.S.C. § 251 will be denied.

**II. 35 U.S.C. § 287(a)**

VVI maintains that the Court should strike Premier's allegation that VVI is barred from seeking recovery to the extent it failed to comply with 35 U.S.C. § 287(a) because § 287(a) is not an affirmative defense to a patent infringement action and because § 287(a) does not apply to the process and method claims asserted in the present action. (Doc. No. 52.) In response, Premier contends that § 287(a) is a proper affirmative defense that applies to the asserted claims. (Doc. No. 72.)

When a patentee fails to properly mark a patented article, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a) (2010); *see also Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*, 297 U.S. 387, 395-97 (1936) (failure to appropriately mark a patented article limits the patent owner's recovery of damages to the period of time after the infringer receives notice of the infringement). The Federal Circuit, interpreting § 287(a), found that the marking and notice statute "was *not* a statutory *defense* to an action for infringement; it was a limitation on damages."[2] *Motorola Inc. v. United States*, 729 F.2d 765, 769 (Fed. Cir. 1984). Important to the Federal Circuit's conclusion is the language of § 287, stating explicitly that "no damages shall be recovered by the patentee." 35 U.S.C. § 287(a); *Motorola*, 729 F.2d at 769. Such a limitation on damages is not considered a statutory "defense" to patent infringement under 35 U.S.C. § 282. 35 U.S.C. §§ 282, 287(a); *Motorola*, 729 F.2d at 769; *see also Bradford Co. v. Jefferson Smurfit Corp.*, No. 2000-1511, 2001 WL 35738792 at *9 (Fed. Cir. Oct. 31, 2001) (citing *Motorola* in finding that § 287 is a limitation on damages, not a statutory defense); *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 866 (Fed. Cir. 1993) (finding § 287 to be a limitation on damages). Thus, 35 U.S.C. § 287(a) is a limitation on damages, not a defense to a patent infringement action, and this Court may not strike a limitation on damages as an insufficient defense.

---

[2] The Federal Circuit also noted that 35 U.S.C. § 287 could not "be interpreted as a patent defense since [marking is] already recognized as a requirement separate and apart from the defenses . . . ." *Motorola Inc. v. United States*, 729 F.2d 765, 784 (Fed. Cir. 1984)

Federal Rule of Civil Procedure 12(f) provides that in addition to striking insufficient defenses, a court may strike "any redundant, immaterial, impertinent or scandalous matter" from a pleading either on its own or on motion made by a party. VVI maintains that any allegation for failure to comply with § 287(a) is immaterial and impertinent because VVI asserts only method and process claims against Premier, and § 287(a) does not apply to method or process claims. In response, Premier argues that VVI asserts apparatus claims, and § 287(a) applies to apparatus claims.

Under Federal Circuit law, the notice provision of § 287(a) does not ordinarily apply where the patent is directed to a process or method because there is often nothing to mark. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993). However, where a patent contains both method and apparatus claims, "to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provision of § 287(a). *Id.* at 1538. In the present case, VVI alleges that Premier infringes the '449 patent, which contains numerous apparatus claims. These apparatus claims include tangible elements such as a computer, a printer, a display screen, and a master tabulating machine. These elements may represent the type of tangible items VVI would be required to mark under § 287(a) in order to provide notice of the '449 method claims. Accordingly, VVI's Motion to Strike Premier's allegation regarding failure to comply with § 287(a) will be denied.

### III. Sovereign Immunity

Premier's Answer states that "VVI's allegation of indirect infringement is precluded to the extent equipment made, used, sold, or offered for sale by Premier is used by or for a sovereign entity." (Doc. No. 34 ¶ 64.) VVI maintains that the Court should strike this allegation because Premier's characterization of sovereign immunity is without any basis in law. (Doc. No. 52 at 6.) In response,

Premier argues that sovereign immunity is a proper affirmative defense to a patent infringement action involving the conduct of state actors. (Doc. No. 74 at 3.)

Pursuant to 35 U.S.C. § 271, a party may be held liable as a contributory infringer where that party sells or offers for sale a component of a patented machine "knowing the same to be especially made or especially adapted for use in infringement [of a] patent." 35 U.S.C. § 271(c). A party may also be held liable as an infringer where that party "actively induces infringement of a patent." 35 U.S.C. § 271(b). In order to establish a claim of either contributory infringement or inducing infringement under 35 U.S.C. § 271, a patentee must demonstrate direct infringement by a third party. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) (requiring a showing of direct infringement to establish a claim of inducing infringement); *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 526-27 (1972) (determining that a claim of contributory infringement requires a showing of direct infringement by a third party). Thus, VVI may allege that Premier is liable, under a theory of inducing infringement or contributory infringement, for the direct infringement of third parties, including state actors. The state actors may, however, be exempt from a finding of direct infringement in a federal district court based on a claim of sovereign immunity.[3] *Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1339 (Fed. Cir. 2006). The extent to which the sovereign immunity of directly infringing third parties would negate Premier's liability for indirect infringement under § 271 is not entirely clear. This legal uncertainty is compounded by

---

[3] The Supreme Court has held that while Congress "may abrogate [state sovereign immunity] under some circumstances, it may not do so under its Article I Commerce Clause power in patent cases." *Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1339 (Fed. Cir. 2006) (citing *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 647-48 (1999)).

VVI's failure to identify either the particular patent claims alleged to be infringed or the allegedly infringing conduct. While VVI argues that the asserted sovereign immunity defense is frivolous because Premier itself is not a sovereign entity, its sales to sovereign entities notwithstanding, VVI cites no case law in support of this proposition. Accordingly, the Court declines to strike Paragraph 64 as frivolous at this juncture.

**IV. The Recapture Rule**

Under the recapture rule, a patentee is prevented "from regaining, through reissue, subject matter that was surrendered during prosecution of the original patent in an effort to obtain allowance of the original claims." *Medtronic Inc. v. Guidant Corp.*, 465 F.3d 1360, 1373 (Fed. Cir. 2006). "Reissued claims that are broader than the original patent's claims in a manner directly pertinent to the subject matter surrendered during prosecution are impermissible." *Pannu v. Storz Instruments, Inc.*, 258 F.3d 1366, 1371 (Fed. Cir. 2001). Recapture is an affirmative defense to a patent infringement allegation. *Lucent Techs. Inc. v. Gateway, Inc.*, 470 F. Supp. 2d 1163, 1173-74 (S.D. Cal. 2007). In order to determine whether recapture applies and the reissue patent is therefore invalid, the court applies a three step analysis: (1) whether and in what respect the claims of the reissue are broader than the original patent; (2) whether the broader aspects were surrendered in the earlier prosecution; and (3) whether the reissue claims are narrower in other respects and thus avoid the recapture rule. *N. Am. Container, Inc. v. Plastipak Packaging Inc.*, 415 F.3d 1335, 1349 (Fed. Cir. 2005).

In its Answer, Premier alleges that "VVI's claims are barred by the doctrine of recapture." (Doc. No. 34 ¶ 66.) VVI argues that this allegation should be stricken from the record because the recapture doctrine is a limitation on liability under the doctrine of equivalents, not an affirmative defense. (Doc. No. 30 ¶ 3.) However, as discussed previously, recapture is an affirmative defense to

a patent infringement allegation that would render the improperly reissued patent invalid. While Premier may ultimately fail to establish recapture, the Court declines to strike the recapture defense at this time.

**Conclusion**

Based on the foregoing, the Motion to Strike Insufficient Defenses of Premier Election Solutions, Inc. by Voter Verified Inc. (Doc. No. 52, filed Feb. 2, 2010) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on May 26 , 2010.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record
Unrepresented Parties