# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VOTER VERIFIED, INC.,**

        **Plaintiff,**

-vs-                                                Case No. 6:09-cv-1968-Orl-19KRS

**PREMIER ELECTION SOLUTIONS, INC.,
DIEBOLD INCORPORATED,**

        **Defendants.**
_____

**VOTER VERIFIED, INC.,**

        **Plaintiff,**

-vs-                                                Case No. 6:09-cv-1969-Orl-19KRS

**ELECTION SYSTEM & SOFTWARE, INC.,**

        **Defendants.**
_____

## ORDER

This case comes before the Court on the following:

1. Objections to Order of Magistrate Judge Entered on April 20, 2010 by Voter Verified, Inc. (Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 107, filed Apr. 28, 2010; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 70, filed Apr. 28, 2010);

2. Memorandum in Response to Plaintiff's Objections to Order of Magistrate Judge Entered on April 20, 2010 and Motion to Disqualify Anthony Provitola from Serving as Trial Counsel by Premier Electronic Solutions, Inc., Diebold, Inc., and Election

System & Software, Inc. (Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 114, filed May 12, 2010; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 76, filed May 12, 2010); and

3. Response in Opposition to Defendants' Motion to Disqualify Anthony Provitola from Serving as Trial Counsel by Voter Verified, Inc. (Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 120, filed May 25, 2010; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 81, filed May 25, 2010).

## Background

On November 19, 2009, Voter Verified, Inc. ("VVI") filed the present action against Premier Election Solutions, Inc. ("Premier") and Diebold, Inc. ("Diebold").[1] (Doc. No. 1.) The Complaint, seeking both damages and injunctive relief, alleges that Premier and Diebold willfully infringed United States Patents Nos. 6,769,613 ("the '613 patent") and RE40,449 ("the '449 patent"). (*Id.* at 12.) On the same day, VVI filed a separate action against Electronic System & Software Inc. ("ESS") alleging that ESS willfully infringed the same patents.[2] (Case No. 6:09-cv-1969-Orl-KRS, Doc. No. 1.) On February 4, 2010, the Court entered an order consolidating the cases for discovery and other pretrial proceedings. (Doc. No. 55; Case No. 6:09-cv-1969-Orl-KRS, Doc. No. 33.)

Attorney Anthony Provitola is currently the sole counsel of record for VVI. Provitola and Michael McDermott are co-inventors of the '613 patent, and McDermott has assigned all

---

[1] The Court will refer to docket entries in Case No. 6:09-cv-1968-Orl-KRS by noting the docket number citation without reference to a case number.

[2] The Court will refer to docket entries in Case No. 6:09-cv-1969-Orl-KRS by noting the case number in front of the docket number citation.

of his rights and interests in the '613 patent to Provitola. (Doc. No. 1 ¶¶ 23-24.) Following the reissue of the '613 patent, Provitola assigned all of his rights and interests in the patent to VVI. (*Id.* ¶¶ 35, 38.) On April 20, 2010, United States Magistrate Judge Karla R. Spaulding entered an Order directing VVI to "advise the Court whether additional counsel of record not likely to be a witness at trial will enter an appearance for VVI should the case proceed to trial, or, if not, how VVI intends to address the conflict that may be created if Attorney Provitola is a trial witness." (Doc. No. 101 at 2.) VVI objected to the April 20, 2010 Order, arguing that the Order was based on speculation, that attorney disqualification would not be required, and that the resolution of the attorney disqualification issue would be outside the scope of the Magistrate's authority. (Doc. No. 107.)

On May 12, 2010, Diebold, VVI, and PES (collectively "Defendants") filed a Response to Plaintiff's Objections to Order of Magistrate Judge Entered on April 20, 2010 and Motion to Disqualify Anthony Provitola From Serving as Trial Counsel. (Doc. No. 114; Case No. 6:09-cv-1969-Orl-KRS, Doc. No. 76.) Defendants contend that Magistrate Judge Spaulding had authority to issue the April 20, 2010 Order because the Order merely sought information from counsel as part of the pretrial proceedings. (*Id.*) In addition, Defendants maintain that Provitola should be disqualified as trial counsel because he is a central figure in the case and is therefore likely to be a necessary witness for VVI. (*Id.*) VVI filed a Response in Opposition to the Motion to Disqualify Provitola arguing that the Defendants failed to establish that Provitola is an indispensable witness with crucial information in his possession, for which no other witnesses are available to testify. (Doc. No. 120; Case No. 6:09-cv-1969-Orl-KRS, Doc. No. 81.)

**Analysis**

**I. VVI's Objection to the April 20, 2010 Order**

Pursuant to 28 U.S.C. § 636, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . ." 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 636, Local Rule 6.01(c)(18) further provides that a magistrate judge may engage in the "[s]upervision and determination of all pretrial proceedings and motions made in civil cases . . . ." Accordingly, Magistrate Judge Spaulding had the authority to enter the Order on April 20, 2010 as part of the pretrial proceedings, particularly in light of the fact that Provitola is sole counsel of record for VVI. VVI's Objections to Order of Magistrate Judge Entered on April 20, 2010 will therefore be overruled.

**II. Motion to Disqualify**

In the present Motion to Disqualify, Defendants argue that disqualification of Provitola as trial counsel is required because Provitola, the sole counsel of record for VVI, is also a co-inventor of the patents at issue and the attorney who prosecuted the patents. (Doc. No. 114; Case No. 6:09-cv-1969-Orl-KRS, Doc. No. 76.) Defendants maintain that Provitola will therefore be a necessary witness on behalf of VVI. (*Id.*) In response, VVI contends that the Defendants have not met their burden of showing that Provitola is an indispensable witness. (Doc. No. 121; Case No. 6:09-cv-1969-Orl-KRS, Doc. No. 81.)

The Rules Regulating the Florida Bar (also knows as the Florida Rules of Professional Conduct) govern the professional conduct of members of the bar of the United States District Court for the Middle District of Florida. Local Rule 2.04(d). Although highly persuasive, the decisions of the Supreme Court of Florida are not binding on the United States District Court

for the Middle District of Florida in interpreting the Rules Regulating the Florida Bar because "this court must retain the right to interpret and apply the rules in a federal setting." *In re Disciplinary Proceedings of John Doe*, 876 F. Supp. 265, 269 n.5 (M.D. Fla. 1993).

Rule 4-3.7 of the Rules Regulating the Florida Bar governs lawyers as witnesses. Rule 4-3.7 states that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:
>
> (1) the testimony relates to an uncontested issue;
> (2) the testimony will relate solely to a matter of formality where there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
> (3) the testimony relates to the nature and value of legal services rendered in the case; or
> (4) disqualification of the lawyer would work substantial hardship on the client.

In the present case, the record does not support a finding that Provitola is likely to be an necessary witness on behalf of VVI within the meaning of Rule 4-3.7. Defendants repeatedly describe Provitola as a "central figure" in the case and cite to excerpts of deposition testimony to demonstrate that Provitola will confuse the jury if he serves as both an advocate and a witness. Notwithstanding these general concerns, Defendants fail to present an issue presently before the Court that will likely require Provitola to serve as a necessary fact witness. *See Bochese v. Town of Ponce Inlet*, 267 F. Supp. 2d 1240, 1245 (M.D. Fla. 2003) (declining to disqualify attorneys where the plaintiff failed to meet his burden of establishing that the attorneys would be necessary witnesses). Accordingly, the Court declines at this time to disqualify Provitola as trial counsel. Defendants may renew the Motion for Disqualification if, as the case proceeds, it becomes apparent that Provitola is likely to be a necessary witness

on behalf of VVI within the meaning of Rule 4-3.7. If Provitola is disqualified from serving as trial counsel under Rule 4-3.7, the Court will not grant VVI a continuance to secure new counsel.

## Conclusion

Based on the foregoing, the Objection to Order of Magistrate Judge Entered on April 20, 2010 by Voter Verified, Inc. (Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 107; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 70) is **OVERRULED**. The Motion to Disqualify Anthony Provitola from Serving as Trial Counsel by Premier Electronic Solutions, Inc., Diebold, Inc., and Election System & Software Inc. (Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 114; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 76) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on June 4, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties