**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VOTER VERIFIED, INC.,**

        **Plaintiff,**

-vs-                                              **Case No. 6:09-cv-1968-Orl-19KRS**

**PREMIER ELECTION SOLUTIONS, INC.,**
**DIEBOLD INCORPORATED,**

        **Defendants.**
_____

**VOTER VERIFIED, INC.,**

        **Plaintiff,**

-vs-                                              **Case No. 6:09-cv-1969-Orl-19KRS**

**ELECTION SYSTEM & SOFTWARE, INC.,**

        **Defendant.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL RESPONSE TO REQUESTS FOR PRODUCTION (Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 116)**
>
> **FILED:** May 13, 2010
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL RESPONSE TO REQUESTS FOR PRODUCTION (Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 78)**
>
> **FILED:** May 13, 2010
> ___
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

## I. THE PRESENT MOTIONS.

Plaintiff Voter Verified, Inc. (VVI) served 53 requests for production of documents on Defendants Premier Election Solutions, Inc. (Premier), Diebold, Incorporated (Diebold) and Election Systems & Software Inc. (ESS). Defendants objected to these requests as overbroad, unduly burdensome, seeking irrelevant information, and seeking information protected by the attorney-client privilege and work product doctrine. Defendants agreed to produce relevant, responsive, non-privileged, non-duplicative information in response to an appropriate protective order. *See* Case No. 6:09-cv-1968-Orl-19KRS, Doc. Nos. 119-1, 119-2, 119-3; Case No. 6:09-cv-1969-Orl-19KRS, Doc. Nos. 80-1, 80-2, 80-3. Counsel were unable to agree on the terms of a protective order.

VVI then filed the above-referenced motions to compel production of all responsive documents. Defendants responded by reiterating their objections to the requests as overbroad and irrelevant and submitted evidence that gathering all responsive documents and reviewing them for privileges and protections would be unduly burdensome. For example, counsel for Defendants avers that emails from one source responsive to only one request for production are over 100,000 pages. Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 127-1 ¶ 5; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 87-1 ¶ 5. Documents responsive to another request are over

700,000 pages. Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 127-1 ¶ 6; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 87-1 ¶ 6.

As part of the good faith effort to resolve the motion, Defendants Premier and ESS offered to allow counsel for Plaintiff to take a "quick peek" of all of the responsive documents at their respective places of business subject to an agreed protective order. Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 87 at 2. Defendant Diebold has also offered to produce documents pursuant to a protective order. Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 127-1 ¶ 7. Counsel for VVI refused to travel to Omaha, Nebraska, the place of business of Premier and ESS, to review the documents. Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 127-1 ¶ 7; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 87-1 ¶ 7.

## II.     ANALYSIS.

Fed. R. Civ. P. 34(a)(1)(A) provides, in pertinent part, that a party may serve a request "to inspect, copy, test or sample, the following items in the responding party's possession, custody or control: . . . any designated documents or electronically stored information . . . ." This rule further provides that the responding party may produce responsive documents either as maintained in the usual course of business or organized and labeled to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(B), (E)(i).

Fed. R. Civ. P. 26(c)(1)(G) provides a mechanism for a party from whom discovery is sought to move for a protective order requiring, among other things, that confidential information be revealed only in a specified way. Generally, the burden is on the responding party to seek such a protective order rather than to withhold production of documents if the requesting party will not agree to a protective order. *See* Middle District Discovery (2001) at

20 ("Upon receipt of objectionable discovery, a party has a duty to seek relief immediately, i.e., without waiting until the discovery is due or almost due.").

In this instance, Defendants did not timely seek a protective order. However, they have now agreed to produce responsive documents for inspection provided that some protection is given regarding the use of the documents and that such production does not constitute a waiver of privileges and protections.

The 2006 advisory notes to Fed. R. Civ. P. 26(f) suggest several protocols that can be used to permit discovery of massive amounts of documents and electronically stored information (ESI) (collectively referred to herein as documents) without waiving privileges or protections. One such method is the "quick peek." Under this protocol, the responding party provides requested materials for initial examination without waiving privileges or protections. The requesting party then reviews the documents and designates those it wishes to have produced. The responding party then screens the documents designated for production and asserts privilege and protection claims as provided for under Rule 26(b)(5)(A). Fed. R. Civ. P. 26(f), 2006 Advisory Comm. Notes. Fed. R. Civ. P. 502(d) permits the Court to enter an order providing that privileges or protections are not waived under the "quick peek" protocol.

Because of the massive amount of documents sought by VVI, and the evidence that review of all of this information for privileges and protections would be unduly burdensome, I find that the "quick peek" approach will "facilitate prompt and economical discovery by reducing delay before the discovering party obtains access to documents, and by reducing the cost and burden of review by the producing party." Fed. R. Civ. P. 26(f), 2006 Advisory Comm. Notes. Under this approach, VVI will receive exactly what it seeks in the motion to

compel – the opportunity to inspect all responsive documents. Defendants will be able to minimize the costs of review of the documents for privileges and protections until VVI designates the specific documents it wants to have produced.

Accordingly, it is **ORDERED** as follows:

1. On or before June 18, 2010, Defendants shall produce for inspection and copying at their respective business locations all documents, including ESI[1], in their respective possession, custody and control responsive to VVI's requests for production, as maintained in the usual course of business;

2. VVI shall review the documents and designate those that it wishes to have produced. VVI shall treat the information obtained from the "quick peek" review as confidential and shall not disclose it except to its in-house counsel and outside counsel of record and employees and independent contractors working under his direction;

3. Within 30 days after each designation[2] of documents to be produced, or such additional time as permitted by the Court, Defendants shall review the designated documents and either (a) produce them; (b) serve on VVI a privilege log in the form required by my standing order on privilege logs, *see* Standing Order Regarding Privilege Logs, found online

---

[1] If there is a dispute about the form of production of ESI, counsel shall promptly request a hearing before the Court to resolve the issues. *See, e.g.,* Fed. R. Civ. P. 34(1)(C) and (2)(D), (E) and Fed. R. Civ. P. 26(f)(3)(C).

[2] The Court assumes that VVI's counsel will conduct the document review and designation on a rolling basis. This order requires the privilege review to be done within 30 days after each designation of a document or groups of documents to be produced.

at http://www.flmd.uscourts.gov – Judicial Info – Judge Spaulding – Standing Order[3]; or, (c) file a motion for a protective order governing the use and disclosure of documents that Defendants can show are trade secrets, other confidential research, development, or commercial information as provided for in Fed. R. Civ. P. 26(c)(1)(G), or otherwise entitled to confidential treatment.

4. Pursuant to Fed. R. Evid. 502(d), the disclosure of documents in the "quick peek" production does not operate as a waiver of any privileges or protections in this case or in any other state or federal litigation.

**DONE** and **ORDERED** in Orlando, Florida on June 8, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] In any future privilege log, Defendants must describe the precise legal privilege or protection claimed; "confidential" is an insufficient designation.