UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VOTER VERIFIED, INC.,**

     **Plaintiff,**

-vs-                Case No.  6:09-cv-1968-Orl-19KRS

**PREMIER ELECTION SOLUTIONS, INC.,
DIEBOLD INCORPORATED,**

     **Defendants.**
_____

**VOTER VERIFIED, INC.,**

     **Plaintiff,**

-vs-                Case No.  6:09-cv-1969-Orl-19KRS

**ELECTION SYSTEM & SOFTWARE, INC.,**

     **Defendants.**
_____

## ORDER

This case comes before the Court on the following:

1. Objections to the Declaration of Michael Shamos by Plaintiff Voter Verified, Inc. (Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 143, filed July 6, 2010; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 102, filed July 6, 2010);

2. Motion to Strike Declarations of Michael Shamos and Lindsay Marshall and Alternative Motion to Allow Response to the Use of Said Declarations by Plaintiff Voter Verified, Inc. (Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 149, filed July 12, 2010; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 108, filed July 12, 2010);

          and

3.      Memorandum in Opposition to Plaintiff's Objections and Motion to Strike Declarations of Michael Shamos and Lindsay Marshall by Defendants Premier Election Solutions, Inc., Diebold, Incorporated, and Election System and Software, Inc. (Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 150, filed July 20, 2010; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 109, filed July 20, 2010).

**Background**

On November 19, 2009, Voter Verified, Inc. ("VVI") filed the present action against Premier Election Solutions, Inc. ("Premier") and Diebold, Inc. ("Diebold").[1] (Doc. No. 1.) The Complaint, seeking both damages and injunctive relief, alleges that Premier and Diebold willfully infringed United States Patents Nos. 6,769,613 ("the '613 patent") and RE40,449 ("the '449 patent"). (*Id.* at 12.) On the same day, VVI filed a separate action against Electronic System & Software Inc. ("ESS") alleging that ESS willfully infringed the same patents.[2] (Case No. 6:09-cv-1969-Orl-KRS, Doc. No. 1.) On February 4, 2010, the Court entered an order consolidating the cases for discovery and other pretrial proceedings. (Doc. No. 55; Case No. 6:09-cv-1969-Orl-KRS, Doc. No. 33.)

On April 28, 2010, VVI moved for summary judgment against Premier, Diebold, and ESS (collectively, "Defendants") on the issues of infringement, intervening rights, and invalidity of claims. (Doc. No. 106.) On May 28, 2010, Defendants filed a response in opposition and a cross-

---

[1] The Court will refer to docket entries in Case No. 6:09-cv-1968-Orl-KRS by noting the docket number citation without reference to a case number.

[2] The Court will refer to docket entries in Case No. 6:09-cv-1969-Orl-KRS by noting the case number in front of the docket number citation.

motion for summary judgment. (Doc. No. 124.) Defendants filed the declarations of Michael Shamos (Doc. No. 139, filed June 23, 2010) and Lindsay Marshall (Doc. No. 146, filed July 9, 2010) in support of their cross-motion for summary judgment and opposition to VVI's motion for summary judgment. Marshall's declaration was filed after VVI filed its response to Defendants cross-motion for summary judgment. (Doc. No. 141, filed June 28, 2010.)

On July 6, 2010, VVI filed objections to Shamos' declaration. (Doc. No. 143.) On July 12, 2010, VVI moved to strike the declarations of Shamos and Marshall, and in the alternative, for leave to respond to the portions of Defendants' reply brief citing to Marshall's declaration. (Doc. No. 149.) Defendants oppose the motion to strike and consent to the alternative relief requested. (Doc. No. 150.)

**Standard of Review**

**I. Objection to a Declaration Considered on a Motion for Summary Judgment**

An affidavit or declaration under 28 U.S.C. § 1746 supporting or opposing summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant [or declarant] is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).

**Analysis**

**I. Omission of Shamos and Marshall from Defendants' Rule 26 Disclosures**

VVI argues that the Court should strike the declarations of Shamos and Marshall because Defendants filed the declarations without first disclosing Shamos and Marshall pursuant to Federal Rule of Civil Procedure 26. (Doc. No. 143 at 1-2; Doc. No. 149 at 1-2.) Defendants concede that no Rule 26 disclosures were made for Shamos or Marshall. (Doc. No. 150 at 2-6; Doc. No. 140 at

2.)

The declarations of Shamos and Marshall will not be stricken for lack of Rule 26 disclosures. Because Shamos has been designated an expert witness, (Doc. No. 98 at 1), Defendants are required to disclose him at the time designated by court order. Fed. R. Civ. P. 26(a)(2)(C). The Case Management and Scheduling Order provides that expert witness disclosures are due by April 1, 2011. (Doc. No. 78 at 1, filed Feb. 24, 2010.) Accordingly, Defendants were not required to disclose Shamos to VVI prior to filing his declaration.

Unlike Shamos, Marshall is a lay witness. (Doc. No. 146; Doc. No. 150 at 8 n.1.) Therefore, Marshall's declaration should be stricken for failure to comply with Rule 26 unless the failure to disclose "was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In making this determination, courts are guided by the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-40-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009) (quoting *Two Men & a Truck Int'l Inc. v. Residential & Commercial Transp. Co., LLC*, Case No. 4:08-cv-67-WS/WCS, 2008 WL 5235115, at *2 (N.D. Fla. Oct. 20, 2008)).

In view of these five factors, the Court finds that Defendants' failure to disclose Marshall under Rule 26 prior to filing his declaration was substantially justified and harmless. First, VVI could not have been greatly surprised by Marshall's declaration because Marshall is the "website maintainer" of The Risks Digest's website, which is at the center of the parties' dispute. (Doc. No. 140 at 2; Doc. No. 124-6 at 7; Doc. No. 146 ¶ 6.) Second, VVI can cure any surprise by deposing Marshall before the

discovery deadline of May 2, 2011, (Doc. No. 78 at 2), and by receiving an opportunity to respond to Marshall's declaration in a response to Defendants' Reply to the Response in Opposition to the Cross-Motion for Summary Judgment. Third, the omission of Marshall from Rule 26 disclosures has not disrupted the trial, which is over one year away. (*Id.*) Finally, any evidentiary importance of Marshall's declaration is outweighed by Defendants' justification for delaying the disclosure of Marshall to VVI. Defendants first made contact with Marshall on July 5, 2010, four days prior to filing his declaration in the court record. (Doc. No. 150 at 4.) In addition, Defendants were required to file all materials opposing summary judgment for VVI by July 12, 2010. (Doc. No. 109.) In view of these facts, Defendants' filing of Marshall's declaration prior to disclosing Marshall under Rule 26 was substantially justified, and Marshall's declaration will not be stricken.

## II. Compliance with 28 U.S.C. § 1746

VVI maintains that Marshall's declaration should be stricken because it "appears to be made outside of the jurisdictional limits of the United States of America and is submitted by the Defendants without any authentication." (Doc. No. 149.)

A declaration is properly executed outside the United States in the following form:

> I declare . . . under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature).

28 U.S.C. § 1746(1). The Court will not strike Marshall's declaration because it contains this form language. (Doc. No. 146 at 4.)

## III. Failure to State that Declaration is Based on Personal Knowledge

VVI next asserts that Marshall's affidavit should be stricken because it does not state that Marshall has personal knowledge of the facts contained therein. (Doc. No. 149 at 2.) Although personal knowledge is a threshold requirement for a declaration considered on a motion for summary

5

judgment, Fed. R. Civ. P. 56(e)(1), a declaration need not explicitly state that the declaration is made on personal knowledge. Rather, the Court may infer from the statements in the declaration that the declaration is made on personal knowledge. *See, e.g.*, *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529-30 (5th Cir. 2005) (collecting cases for the proposition that there are no "magic words" necessary to demonstrate personal knowledge and finding that an affidavit was not deficient for failure to state that it was based on personal knowledge when personal knowledge was reasonably inferred from the affiant's position with the plaintiff corporation).

VVI does not identify, and the Court does not find, any factual statements in Marshall's declaration that are not made on personal knowledge. Marshall's educational background, regular reading of The Risks Digest, and position as "website maintainer" for The Risks Digest since 1995 show that Marshall's statements about The Risks Digest's website are made on personal knowledge. (Doc. No. 146 at 1-4.) Therefore, the Court will not strike Marshall's declaration for lack of statements made on personal knowledge.

**IV. Opinions by Marshall**

VVI maintains that several statements in Marshall's declaration should be stricken because they are "conjectural and speculative" opinions and because they "are without any factual foundation." (Doc. No. 149 at 2.)

Opinions and inferences by lay witnesses like Marshall are admissible only if they are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

VVI first argues that Marshall improperly speculated that "[a]fter January 1995, anyone in

the world with an internet connection could access The Risks Digest at http://catless.ncl.ac.uk/Risks." (Doc. No. 146 ¶ 9.) When read in context, this statement describes the effect of Marshall creating an HTML website for The Risks Digest in January 1995. (*Id.* ¶¶ 7-8.) This inferential statement is rationally based on Marshall's perception as the "website maintainer" for The Risks Digest, (*id.* ¶ 6), would be helpful to understand the effect of creating an HTML website, and does not involve expert knowledge within the scope of Rule 702. Therefore, the Court will not strike this statement as improper lay witness testimony.

VVI next asserts that paragraph 11 of Marshall's declaration should be stricken because it contains no factual foundation and because it fails to set forth any relationship between AltaVista and The Risks Digest. (Doc. No. 149 at 2-3.) Paragraph 11 states as follows:

> In 1999, the internet could be searched using AltaVista. AltaVista is a well known search engine and was one of the premier search engines at the beginning of the World Wide Web; it is similar to the Google search engine commonly known today.

(Doc. No. 146 ¶ 11.) The first sentence in paragraph 11 invites speculation that The Risks Digest's website was accessible through AltaVista; however, there is no factual basis in Marshall's declaration supporting that conclusion. Absent a factual connection between The Risks Digest's website and AltaVista, any comparison of AltaVista in 1999 to present-day Google, whether by lay or expert testimony, is irrelevant and inadmissible. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). Accordingly, the Court will not consider and strikes paragraph 11 of Marshall's declaration.

7

## V. Scope of Relevant Prior Art

VVI argues that the prior art of electronic voting systems addressed in Shamos' declaration[3] is not pertinent to the inventive steps of the '613 or '449 patents. (Doc. No. 143 at 4.) The Court need not look beyond the title and abstract of these patents to reject VVI's argument. The '613 and '449 patents are entitled "Auto-Verifying Voting System and Voting Method", and the abstract for each patent describes "[a] voting system provid[ing] for a computer-prepared and computer-printed election ballot generated by input from the voter . . . ." (Doc. No. 1-1 at 1, 10.) Accordingly, the Court rejects VVI's challenge to the scope of the prior art addressed in Shamos' declaration.

## VI. Lack of Personal Knowledge

VVI objects to Shamos' declaration because he lacked personal knowledge of the facts in paragraph 25 of his declaration. (Doc. No. 143 at 2.) This objection is overruled because Shamos, as an expert witness, does not need personal knowledge of the facts that form the basis of his opinion. *See Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993) ("Unlike an ordinary witness, . . . an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation.").

## VII. Absence of Facts or Data Supporting Opinion

VVI asserts that Shamos failed to provide any facts or data supporting the conclusions in paragraph 25 of his declaration. (Doc. No. 143 at 4.) To the contrary, paragraph 25 clearly sets forth the factual data supporting Shamos' expert opinion:

---

[3] To the extent VVI challenges Shamos' expert qualification in the field of electronic voting systems, such a challenge is without merit. Shamos' education, teaching experience in the area of electronic voting, nearly 30 years experience as an examiner of electronic voting systems, and other accomplishments noted on his resume show that he has particular scientific, technical, and specialized knowledge about electronic voting systems. (Doc. No. 139 ¶¶ 1-18; Doc. 139-1.)

> During the later 1980s, several people independently developed and described the idea that voters could verify their own ballots if they could be shown a printed copy of the ballot which they could then approve or reject. The accepted paper ballots would be deposited in a ballot box, to be used to verify the elctronic tabulation or for use in a recount. *Such a method is described in three separate brief notes that appeared in the March 5, 1986 and March 8, 1986 issues of [The] Risks Digest . . . .*

(Doc. No. 139 ¶ 25 (emphasis added).) The pertinent parts of the March 5, 1986 and March 8, 1986 issues of The Risks Digest are summarized and quoted in paragraphs 26-29 of Shamos' declaration, and VVI does not argue that Shamos has misquoted or misrepresented the contents of those issues of The Risks Digest. Therefore, the Court rejects VVI's assertion that Shamos failed to provide any facts or data supporting the conclusions in paragraph 25 of his declaration.

**VIII. Statements of Law Applied to Formulate Opinion**

In paragraph 21 of his deposition, Shamos recites legal definitions of anticipation and obviousness that he relied upon "[a]s an expert . . . determining claim validity." (Doc. No. 139 ¶ 21.) VVI maintains that this paragraph should be stricken because it is not "scientific, technical, or other specialized knowledge" in Shamos' possession that will assist the trier of fact's understanding of the evidence as required by Federal Rule of Evidence 702. (Doc. No. 143 at 4.)

Shamos may state in his declaration to the Court the legal definitions of anticipation and obviousness that he applied in reaching his conclusions. Such information is relevant to the Court's determination that Shamos' expert testimony is reliable and thus admissible. *See* Fed. R. Evid. 702 (requiring expert testimony to be based on "reliable principles and methods . . . reliably [applied] to the facts of the case"). In reaching this conclusion, the Court distinguishes the situation where an expert improperly attempts to usurp the Court's authority to determine the applicable law. *Cf. Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("[A] witness . . . may

not testify to the legal implications of conduct; the court must be the jury's only source of law." (citations omitted)).

## IX. Opinion on Ultimate Issue

VVI asserts that Shamos' opinions on validity, obviousness, and anticipation should be stricken because they are opinions on issues of law. (*Id.* at 5-6.)  "[T]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."[4]  Fed. R. Evid. 704(a).  Thus, Shamos may give his expert opinion on the ultimate issue of a patent's invalidity due to obviousness or anticipation.  *See Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 294 (Fed. Cir. 1985) ("Opinion testimony rendered by experts must be given consideration, and while not controlling, generally is entitled to some weight. . . . Lack of factual support for expert opinion going to factual determinations, however, may render the testimony of little probative value in a validity determination." (citations omitted)).

## X. Leave to Allow Response to Defendants' Use of Marshall's Declaration

VVI requests leave to respond to Defendants' use of Marshall's declaration in their Reply to the Response in Opposition to the Cross-Motion for Summary Judgment.  (Doc. No. 149 at 5.) Defendants do not oppose this relief.  (Doc. No. 150 at 12.)  The Court finds that any surprise to VVI caused by Defendants' use of Marshall's declaration prior to disclosing Marshall pursuant to Federal Rule of Civil Procedure 26 will be cured by affording VVI leave to file a response to

---

[4] Federal Rule of Evidence 704(b) provides an exception to this rule with regard to experts testifying on the mental state or condition of a defendant in a criminal case, forbidding them to state whether the defendant did or did not have the mental state in question.  This exception is not at issue here.

Defendants' Reply to the Response in Opposition to the Cross-Motion for Summary Judgment.

**Conclusion**

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Objections to the Declaration of Michael Shamos by Plaintiff Voter Verified, Inc. (Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 143, filed July 6, 2010; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 102, filed July 12, 2010) are **OVERRULED**.

2. The Motion to Strike Declarations of Michael Shamos and Lindsay Marshall and Alternative Motion to Allow Response to the Use of Said Declarations by Plaintiff Voter Verified, Inc. (Case No. 6:09-cv-1968-Orl-19KRS, Doc. No. 149, filed July 12, 2010; Case No. 6:09-cv-1969-Orl-19KRS, Doc. No. 108, filed July 12, 2010) is **GRANTED in part** and **DENIED in part** as follows:

    a. Paragraph 11 of Marshall's declaration (Doc. No. 146) is **STRICKEN**.

    b. VVI may file a response to Defendants' Reply to the Cross-Motion for Summary Judgment (Doc. No. 148) within fourteen (14) days from the date of this Order. This response shall address only the portions of the Defendants' Reply discussing the declaration of Lindsay Marshall.

    c. The Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on August _8th__, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

                                                                                                   Patricia C. Fawsett, Judge
                                                                                                    United States District Court

Copies furnished to:

Counsel of Record