**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VOTER VERIFIED, INC.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:09-cv-1968-Orl-19KRS**

**PREMIER ELECTION SOLUTIONS, INC.,**
**DIEBOLD INCORPORATED,**

        **Defendants.**

_____

## ORDER

This case comes before the Court on the Unopposed Motion to Terminate or Suspend Case Management and Scheduling Order by Voter Verified, Inc. (Doc. No. 168, filed Dec. 14, 2010.) Voter Verified, Inc. ("VVI") requests that the Court "terminate or suspend as of September 15, 2010 the schedule established by the Case Management and Scheduling Order because the "Order entered on September 15, 2010 (Doc. No. 155) has determined the issue of the liability for infringement of the '613 and '449 patents in favor of the Defendants and against the Plaintiff." (Doc. No. 168 at 1.)

In the Complaint, VVI alleges that both Premier Election Solutions, Inc. and Diebold, Inc. (collectively "Defendants") infringed the '613 and '449 patents and continue to infringe the '449 patent. (Doc. No. 1 ¶¶ 41-49, 56-58.) In their respective Counterclaims, both Defendants seek a declaratory judgment stating that they have "never infringed the '449 patent." (Doc. No. 34 ¶ 12; Doc. No. 103 ¶ 12.) Nothing in the Complaint or the Counterclaims limits the issue of infringement to specific claims of the '613 and '449 patents.

VVI moved for summary judgment on infringement, arguing that Premier's AccuVote-TSX system used in combination with the AccuView printer infringes claim 49 of the '613 and '449 patents. (Doc. No. 106 at 1-2, 12-13.) In response, Defendants filed a Cross Motion for Summary Judgment arguing that claims 49, 56, 85, 93, and 94 are not infringed. (Doc. No. 124 at 6.) The Defendants did not, however, present any argument regarding the infringement of claims 1-48, 50-55, 57-84, and 86-92. (*Id.*)

The Order entered on September 15, 2010 ("September 15 Order") determined that the '613 patent was surrendered to the PTO during the reissue process and could not be infringed by the Defendants. (Doc. No. 155 at 10-11.) The Order also found that claims 49, 85, and 93 of the '449 patent could not be infringed because no single party performs or controls each step of the claimed methods. (*Id.* at 25-26.) Finally, the Court held that claims 56 and 94 of the '449 patent were invalid and therefore could not be infringed by the Defendants. (*Id.* at 29, 32.) The Court did not, however, reach the issue of infringement of the remaining claims of the '449 patent. Thus, although VVI contends that the September 15 Order "determined the issue of liability for infringement of the '613 and '449 patents," the Order did not determine the issue of liability for infringement of claims 1-48, 50-55, 57-84, and 86-92 of the '449 patent. Moreover, both Defendants seek a declaratory judgment that "each claim of the '449 patent is invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, *et. seq*., including, but not necessarily limited to 35 U.S.C. §§ 101, 102, 103, and 112," (Doc. No. 34 ¶ 8; Doc. No. 103 ¶ 8), and this issue has yet to be decided. Accordingly, the Court declines to terminate or suspend the schedule established by the Case Management and Scheduling Order.

**Conclusion**

Based on the foregoing, the Unopposed Motion to Terminate or Suspend Case Management and Scheduling Order by Voter Verified, Inc. (Doc. No. 168, filed Dec. 14, 2010) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 11, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties