**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VOTER VERIFIED, INC.,**

                    **Plaintiff,**

**-vs-**                                      **Case No.  6:09-cv-1968-Orl-19KRS**

**PREMIER ELECTION SOLUTIONS, INC.,**
**DIEBOLD INCORPORATED,**

                    **Defendants.**
_____

**ORDER**

This case comes before the Court on the following:

1.     Third Motion for Summary Judgment by Voter Verified, Inc. (Doc. No. 220, filed June 13, 2011);

2.     Memorandum in Opposition to Plaintiff's Third Motion for Summary Judgment by Premier Election Solutions, Inc. and Diebold Incorporated (Doc. No. 226, filed July 13, 2011); and

3.     Reply to Defendants' Memorandum in Opposition to Plaintiff's Third Motion for Summary Judgment by Voter Verified, Inc. (Doc. No. 232, filed July 27, 2011).

**Background**

**I. Procedural History**

On November 19, 2009, Voter Verified, Inc. ("VVI") filed the present action against Premier Election Solutions, Inc. ("Premier") and Diebold Incorporated ("Diebold").  (Doc. No. 1.)  The Complaint, seeking both damages and injunctive relief, alleges that Premier and Diebold (collectively

"Defendants") willfully infringed United States Patents Nos. 6,769,613 ("the '613 patent") and RE40,449 ("the '449 patent"). (*Id.* at 11-12.) Defendants deny VVI's allegations of infringement and seek a declaratory judgment that: (1) the '613 and the '449 patents are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, and 112; (2) the '613 patent is invalid pursuant to 35 U.S.C. § 251; and (3) Defendants are not infringing and have never infringed the '613 and '449 patents. (Doc. No. 16, filed Jan. 16, 2009; Doc. No. 103, filed Apr. 28, 2010.)

On April 28, 2010, VVI filed a Motion for Summary Judgment against Premier arguing that there were no genuine issues of material fact relating to the direct infringement of claim 49 of the '613 and '449 patents. (Doc. No. 106 at 1.) VVI also moved for summary judgment against Premier on the validity of the asserted patents and the issue of intervening rights. (*Id.*) On May 28, 2010, Defendants filed a Cross Motion for Summary Judgment, contending that: (1) the '613 patent cannot be infringed because it was surrendered; (2) claims 49, 56, 85, 93, and 94 of the '449 patent are not infringed; and (3) claims 49, 56, 85, 93, and 94 of the '449 patent are invalid as anticipated under 35 U.S.C. § 102. (Doc. No. 124.) VVI's Motion for Summary Judgment was granted in part and denied in part. (Doc. No. 155 at 34-36.) The Motion was granted to the extent VVI sought a finding against Premier that: (1) the claims of the '449 patent are not invalid under 35 U.S.C. § 101; (2) the claims of the '449 patent, other than claim 94, are not invalid under 35 U.S.C. § 112; and (3) claims 1-48, 50-84, and 86-92 are not invalid under 35 U.S.C. § 102. (*Id.* at 34.) Defendants' Cross Motion for Summary Judgment was also granted in part and denied in part. (*Id.*) The Motion was granted to the extent the Defendants sought a finding that: (1) the '613 patent was surrendered to the United States Patent and Trademark Office ("PTO"); (2) the AccuVote-TSX System does not infringe claims 49, 56, 85, and 93 of the '449 patent; (3) claim 94 of the '449 patent is invalid under 35 U.S.C. § 112; and

(4) the enumerated Risks Digest articles qualify as prior art.  (*Id*. at 34-35.)  Defendants were also granted the requested leave to file a supplemental summary judgment motion addressing the issue of obviousness.

On November 9, 2010, Defendants filed a Motion and Memorandum in Support of Invalidity of Claim 49 of U.S. Patent No. RE40,449.  (Doc. No. 161.)  The Motion was granted to the extent Defendants sought a finding that claim 49 of the '449 patent is invalid as obvious under 35 U.S.C. § 103.  (Doc. No. 177 at 20.)  However, because Defendants' Motion did not address the obviousness of the remaining claims, the Court also granted VVI's Second Motion for Summary Judgment to the extent it sought a finding against Premier that claims 1-48, 50-84, and 86-92 are valid.  (*Id*. at 22.)

On June 9, 2011, Defendants filed a Motion for Summary Judgment of Non-Infringement of Claims 1-48, 50-55, 57-84, and 86-92 of U.S. Patent No. RE40,449 and Memorandum in Support. (Doc. No. 218.)  In the Motion, Defendants argued that no product or combination of products sold by the Defendants infringe claim 1, claim 25, or any dependent claim of the '449 patent.  (*Id*.)  On July 28, 2011, the Court granted Defendants' Motion, finding that VVI failed to create a genuine issue of material fact relating to whether the Defendants infringe claim 1, claim 25, or any dependent claim of the '449 patent.  (Doc. No. 235.)

On June 13, 2011, VVI filed the present Third Motion for Summary Judgment.  (Doc. No. 220.)  Defendants filed a memorandum in opposition on July 13, 2011, (Doc. No. 226), and VVI filed a reply on July 27, 2011, (Doc. No. 232).

## II.  The Asserted Patents

-3-

The patents at issue in the present case include the '613 and '449 patents (collectively, the "Asserted Patents"). The '613 patent issued on August 3, 2004. (Doc. No. 60 at 2.) On February 14, 2005, a reissue application for the '613 patent was filed. (*Id.*) On August 5, 2008, the '613 patent was surrendered to the PTO and reissued as the '449 patent. (*Id.* at 3.) VVI is the owner by assignment of the '613 and '449 patents. (*Id.* at 4.)

In general, the '449 patent describes a computer voting system that displays ballots for voting, instructs voters to input their selections, prints the votes of the voters, instructs the voters to review the printed ballots for accuracy, and then instructs the voters to submit acceptable printed ballots for tabulation. By way of example, claim 1 of the '449 patent recites:

1. A self-verifying voting system comprising: one or more voting stations comprising:
    (a) one or more computer programs which operate in a computer to display general voting instructions, at least one election ballot showing the candidates and issues to be voted on, and directions to the voter for operation of the system; present the election ballot for voting and input of votes by the voter; accept input of the votes from the voter; print out the election ballot according to which the voter voted with the votes of the voter printed thereon, so that the votes of the voter are readable on said election ballot by the voter and readable by a tabulation machine; record the votes in the computer; and compare the votes read by a ballot scanning machine with the votes recorded in the computer;
    (b) a computer with at least one display device, at least once device to accept voting input from a voter, at least one data storage device, and sufficient memory to provide for the operation of said computer program in which said computer program runs;
    (c) a printer connected to said computer for printing the election ballot according to which the voter voted;
    (d) a ballot scanning means for reading the votes on the printed ballot printed according to the election ballot which the voter voted so that the votes shown on the printed ballot are compared by the computer program with the votes recorded in the computer for the voter;
    (e) means for connecting said ballot scanning means to said computer; and

-4-

a means for tabulating the printed ballots generated by said one or more voting stations.

## Standard of Review

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). A dispute of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp.*, 357 F.3d at 1259. A dispute of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.* at 1260. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*; *Anderson*, 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.* On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.  In addition, when a claimant fails to produce "anything more than a repetition of his conclusory allegations," summary judgment for the movant is "not only proper but required." *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).

## Analysis

### I. Infringement by the AccuVote-TSX System

VVI first moves for a finding of summary judgment against the Defendants on the issue of the AccuVote-TSX System's infringement of claims 1, 25, 53, and 54 of the '449 patent and claims 1, 25, 53, and 54 of the '613 patent.  (Doc. No. 220 at 2.)  VVI's arguments are not well taken.  First, in the Order entered on September 15, 2010, ("September 15 Order"), the Court concluded that the '613 patent could not be infringed by the Defendants because it had been surrendered to the PTO and reissued as the '449 patent.  (Doc. No. 155 at 9-10.)  Then, in the Order entered on July 28, 2011, ("July 28 Order"), the Court concluded that the Defendants did not infringe claims 1, 25, 53, and 54 of the '449 patent.[1]  (Doc. No. 235.)  Thus, the Court has already determined that the Defendants do not infringe claims 1, 25, 53, and 54 of the '613 and '449 patents.

### II.  35 U.S.C. § 251

VVI next moves for summary judgment on the Defendants' allegations that "the claims of the '613 patent were surrendered upon issuance of the '449 patent" and "[e]ach claim of the '613 patent is invalid pursuant to 35 U.S.C. § 251."  (Doc. No. 220 at 10 (citing Doc. No. 34 ¶¶ 15-16; Doc. No. 103 ¶¶ 15-16.))  However, in the September 15 Order, the Court concluded that the '613 patent could

---

[1] The Court considered and rejected VVI's present arguments regarding the infringement of claims 1, 25, 53, and 54 of the '449 patent in the July 28 Order.  (Doc. No. 235.)

not be infringed by the Defendants because it had been surrendered to the PTO and reissued as the '449 patent pursuant to 35 U.S.C. § 251.  (Doc. No. 155 at 9-10.)  In the present Motion, VVI simply repeats arguments that were considered and rejected by the Court in the September 15 Order, failing to present a basis for the Court to reconsider its prior ruling regarding the application of § 251. Accordingly, the Third Motion for Summary Judgment will be denied to the extent is seeks a finding on summary judgment relating to § 251.

## III.  35 U.S.C. § 252

In their respective Answers, Defendants contend that "VVI's claims are barred by the doctrine of intervening rights."  (Doc. No. 34 ¶ 67; Doc. No. 103 ¶ 67.)  VVI now moves for summary judgment on the issue of intervening rights.  (Doc. No. 220 at 12.)

Intervening rights is an affirmative defense to patent infringement that protects parties who are accused of infringing patent claims set forth in a broadened reissue patent when the alleged infringement occurred before the reissue patent was granted. *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1220 (Fed. Cir. 1993).  Here, the Court has already determined that the Defendants do not infringe any valid claims of the '613 or '449 patents.  (*See* Doc. No. 155 at 9-11; Doc. No. 235.)  In light of this finding, the issue of intervening rights is moot.  *See PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1368 (Fed. Cir. 2007) (determining that the affirmative defense of invalidity was moot in light of the finding of non-infringement).

## IV.  35 U.S.C. § 287(a)

Defendants assert that "VVI is barred from seeking recovery of any damages for any activities prior to commencement of the present suit due to failure to comply with the requirements of 35 U.S.C. § 287(a)."[2]  (Doc. No. 34 ¶ 63; Doc. No. 103 ¶ 63.)  VVI now moves for summary judgment on "the 35 U.S.C. § 287(a) issue."  (Doc. No. 220 at 15.)  However, as previously discussed, Defendants do not infringe any valid claims of the '613 or '449 patents.  (Doc. No. 155 at 9-11; Doc. No. 235.)  In the absence of a finding of infringement, the issue of VVI's damages resulting from the Defendants' alleged infringement, including the limitation on damages set forth in § 287(a), is moot.

## V.  Sovereign Immunity/Recapture Doctrine

VVI next moves for a finding of summary judgment against the Defendants on the issues of sovereign immunity and recapture.[3]  (Doc. No. 220 at 16, 18.)  Sovereign immunity is a defense to a claim of patent infringement.  *Fla. Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 636 (1999).  Recapture is also a defense to a claim of patent infringement. *Lucent Techs. Inc. v. Gateway, Inc.*, 470 F. Supp. 2d 1163, 1173-74 (S.D. Cal. 2007).  Here, the Court has determined that the Defendants do not infringe any valid claim of the '613 or '449 patents.  Accordingly, the issues of sovereign immunity and recapture are moot.

## VI.  Willful Infringement

---

[2] Section 287(a) provides that "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter . . . ."  35 U.S.C. § 287(a).

[3] In their respective Answers, Defendants contend that "VVI's allegation of indirect infringement is precluded to the extent equipment made, used, sold, or offered for sale by [Defendants] is used by or for a sovereign entity."  (Doc. No. 34 ¶ 64; Doc. No. 103 ¶ 64.) Defendants also allege that "VVI's claims are barred by the recapture doctrine."  (Doc. No. 34 ¶ 66; Doc. No. 103 ¶ 66.)

Finally, VVI moves for summary judgment against the Defendants on the issue of willful infringement.  (Doc. No. 220 at 18.)  A finding of willful infringement requires an underlying finding of infringement.  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the *infringer* acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." (emphasis added)).  Thus, in light of the Court's finding that the Defendants do not infringe any valid claim of the '613 or '449 patents, VVI's contention that the Defendants willfully infringed the same patents is moot.  *See Innovated Patents, L.L.C. v. Brain-Pad, Inc.*, 719 F. Supp. 2d 379, 387 (D. Del. 2010) ("Inasmuch as there is no infringement . . . , the issue of willful infringement of that patent 'necessarily drops out of the case.'" (quoting *Joy Techs. Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993)).

## Conclusion

Based on the foregoing, the Third Motion for Summary Judgment by Voter Verified, Inc. (Doc. No. 220, filed June 13, 2011) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 29, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties