**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VOTER VERIFIED, INC.,**

        **Plaintiff,**

**-vs-**                                                   **Case No. 6:09-cv-1968-Orl-19KRS**

**PREMIER ELECTION SOLUTIONS, INC.,**
**DIEBOLD INCORPORATED,**

        **Defendants.**
_____

**ORDER**

This case comes before the Court on the Motion for Summary Judgment on the Invalidity of Claims 50-54, 56-59, 62-67, 69-78, 85-91, and 93 of U.S. Patent No. RE40,449 and Memorandum in Support by Diebold Incorporated (Doc. No. 207, filed Apr. 25, 2011); the Response in Opposition to Diebold's Motion for Summary Judgment by Voter Verified, Inc. (Doc. No. 214, filed May 24, 2011); and the Reply in Support of Its Motion for Summary Judgment by Diebold Incorporated (Doc. No. 217, filed June 8, 2011).

**Analysis**

In the present Motion for Summary Judgment, Diebold contends that summary judgment as to the invalidity of claims 50-54, 56-59, 62-67, 69-78, 85-91, and 93 of the '449 patent is appropriate because these claims are obvious in light of the prior art references either alone or in combination. (Doc. No. 161 at 3.) In response, VVI maintains that the Defendants' conclusory expert opinions regarding the obviousness of the claims at issue are insufficient to overcome the statutory presumption that the claims are valid and non-obvious. (Doc. No. 214 at 12-13.)

The Supreme Court has found that "the Declaratory Judgment Act affords the district court some discretion whether or not to exercise that jurisdiction, even when it has been established." *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 n.17 (1993) (citation omitted). In light of this discretion, "[a] district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion." *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1370-71 (Fed. Cir. 2003) (citing *Nystrom v. TREX Co.*, 339 F.3d 1347, 1351 (Fed. Cir.2003)); *Frazier v. Wireline Solutions, LLC*, No. C-10-3, 2010 WL 5067671, at *8 (S.D. Tex. Dec. 6, 2010) (declining to address defendant's motion for summary judgment of invalidity after granting summary judgment of non-infringement); *Absolute Software, Inc. v. Stealth Signal, Inc.*, 731 F. Supp. 2d 661, 669 n.22 (S.D. Tex. 2010) (declining to reach the issue of a claim's validity where the defendant was found not to infringe the claim); *Von Holdt v. A-1 Tool Corp.*, 714 F. Supp. 2d 863, 873 (N.D. Ill. 2010) ("In light of the fact that the court has granted summary judgment to the defendants with respect to the patent infringement claim . . . , the court need not reach the issue raised in the defendants' counterclaims.").

Here, the Defendants indicated in a prior pleading that it would be appropriate for the Court to decline to reach the invalidity counterclaims if the Court concluded that the patents at issue were not infringed.[1] (Doc. No. 179 at 7-8.) Specifically, Defendants stated the following:

---

[1] Defendants' affirmative defense of invalidity is moot in light of the Court's finding on non-infringement. *See PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1368 (Fed. Cir. 2007) (determining that the affirmative defense of invalidity was moot in light of the finding of non-infringement).

> The question of validity or invalidity of the remaining eighty-nine Reserved Claims is virtually academic, since [VVI] has not yet asserted any of the those Reserved Claims as a basis for amended infringement allegations. Until such time, the Court's determination is the equivalent of an advisory opinion on matters that do not need to be resolved. To be clear, Defendants continue to dispute the validity of the Reserved Claims, but again, it is unnecessary to resolve that portion of the dispute since Plaintiff's infringement case must first be reinstated by an appellate court. The Federal Circuit has found that it is appropriate for a district court to avoid a decision on whether a claim is valid when the claim is otherwise not infringed. "A district court judge faced with an invalidity counterclaim challenging a patent that in concludes was not infringed may either hear the claim or dismiss without prejudice, subject to review only for abuse of discretion."

(*Id.*) (quoting *Liquid Dynamics*, 355 F.3d 1370-71). While the Court does not necessarily agree with the full legal import of the Defendants' statement, the Court finds that the core assertion holds true with respect to the present case; in the wake of a finding of noninfringement it is unnecessary to address the validity of the remaining claims. Since the filing of this pleading, the Court has determined that the Defendants do not infringe any valid claim of the '449 or '613 patents. (Doc. Nos. 155, 176, 235.)

In view of the case law on this subject and the unique facts and circumstances of the present action, including the Defendants' prior pleading, (Doc. No. 179), the findings regarding non-infringement relating to each and every claim of the asserted patents and each of the Defendants, the apparent complexity of the invalidity issue, the Court's heavy caseload, and the inordinate amount of time it would take to address the validity of the ninety-two claims presently at issue, the Court will not address the Defendants' remaining counterclaims of invalidity. Instead, the Court concludes that the most prudent way to resolve the matter is to dismiss Diebold's counterclaim of invalidity without prejudice with respect to claims 1-48 and 50-93 of the '449 patent and ES&S's counterclaim with

respect to claims 85 and 93 of the '449 patent.[2] *See Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir.1998) (holding that it is not always necessary for a district court to resolve both the validity and infringement issues and noting that when "noninfringement is clear and invalidity is not plainly evident it is appropriate to treat only the infringement issue") (citation omitted). However, in the event that errors are found on appeal, Defendants will be given the opportunity to reassert its invalidity counterclaim.

### Conclusion

Based on the foregoing, Diebold's invalidity counterclaim, (Doc. No. 103 ¶ 8), is dismissed without prejudice with respect to claims 1-48 and 50-93 of the '449 patent. Premier's invalidity counterclaim, (Doc. No. 17 ¶ 8), is also dismissed without prejudice with respect to claims 85 and 93 of the '449 patent. The Motion for Summary Judgment on the Invalidity of Claims 50-54, 56-59, 62-67, 69-78, 85-91, and 93 of U.S. Patent No. RE40,449 and Memorandum in Support by Diebold Incorporated, (Doc. No. 207, filed Apr. 25, 2011), is **DENIED as moot** without prejudice to reassertion at a future date, if appropriate.

**DONE** and **ORDERED** in Orlando, Florida on July 29, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court previously determined with respect to both Defendants that claims 49 and 94 of the '449 patent are invalid and that the '613 patent has been surrendered to the PTO pursuant to 35 U.S.C. § 251. (Doc. No. 155 at 4; Doc. No. 177 at 20.) The Court has also made a determination with respect to Premier that claims 1-48, 50-84, and 86-92 are not invalid. (Doc. No. 177 at 22.) Thus, the issues that remain undecided with respect to Diebold's invalidity counterclaim relate to claims 1-48 and 50-93 of the '449 patent. On the other hand, the only issues that remain undecided with respect to Premier's counterclaim of invalidity relate to claims 85 and 93 of the '449 patent, specifically, whether claims 85 and 93 of the '449 patent are invalid pursuant to 35 U.S.C. § 102. (Doc. No. 155 at 14.)

Copies furnished to:

Counsel of Record
Unrepresented Parties